Deborah A. Sivas (CSB # 135446)
EARTHJUSTICE
Owen House – 553 Salvatierra Walk
Stanford, California 94305-8620
Telephone: (650) 723-0325
(Attorneys for Plaintiffs)

McGregor W. Scott, United States Attorney
E. Robert Wright, Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2702
(Attorneys for Federal Defendants)

Robert A. Maynard (Idaho Bar No. 5537)
Richard W. Oehler (Washington Bar No. 17267)
Perkins Coie LLP
251 East Front Street, Suite 400
Boise, Idaho 83702
Telephone: (208) 343-3434
Jeffery D. Harris (CSB # 166978)
Ellison, Schneider & Harris L.L.P.
2015 H. Street
Sacramento, California 95814
Telephone: (916) 447-2166
(Attorneys for Calpine Corporation)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIT RIVER TRIBE; NATIVE COALITION FOR MEDICINE LAKE HIGHLANDS DEFENSE; and MOUNT SHASTA BIOREGIONAL ECOLOGY CENTER,<br><br>Plaintiffs,<br><br>v. | NO. CIV. S-04-0956 DFL JFM<br><br>**STIPULATION TO STAY CASE PENDING RESOLUTION OF RELATED CASE APPELLATE PROCEEDINGS AND [PROPOSED] ORDER** |

STIPULATION TO STAY CASE PENDING RESOLUTION OF RELATED CASE APPELLATE PROCEEDINGS
AND [PROPOSED] ORDER – Case No. S-04-0956 DFL JFM
[24658-0021 /04cv956.o.stay.DOC]

| | |
|---|---|
| 1<br>2<br>3<br>4 | BUREAU OF LAND MANAGEMENT;<br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR; and CALPINE<br>CORPORATION,<br><br>            Defendants. |

WHEREAS Plaintiffs in this case have challenged the legality of the May 1998 extensions for certain geothermal leases entered into between the Bureau of Land Management ("BLM") and Calpine Corporation ("Calpine") pursuant to the Geothermal Steam Act, the National Environmental Policy Act, the National Historic Preservation Act, and the federal government's fiduciary trust obligations to Indian Tribes, as set forth more specifically in Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief (hereinafter Pit River Tribe II);

WHEREAS Defendants have denied any and all liability for Plaintiffs' claims in this action;

WHEREAS the Court previously concluded that the present case, Pit River Tribe II, is related to Pit River Tribe v. U.S. Forest Service, Case No. Civ. S-02-1314 DFL JFM, 306 F.Supp.2d 929 (2004), appeal pending, Ninth Circuit Case No. 04-15746 (hereinafter Pit River Tribe I);

WHEREAS resolution against Plaintiffs of the legal claims at issue in Pit River Tribe I, Ninth Circuit Case No. 04-15746, with respect to the May 1998 geothermal lease extension decision challenged in Pit River Tribe I is likely to be dispositive of the legal claims at issue in Pit River Tribe II;

WHEREAS the appeal in Pit River Tribe I, Ninth Circuit Case No. 04-15746, is fully briefed and awaiting argument;

WHEREAS the parties desire to fully preserve their rights and remedies in this matter, except as expressly provided herein, while simultaneously promoting judicial economy and avoiding unnecessary litigation;

THEREFORE the parties hereby stipulate and agree as follows and jointly request that the Court enter an order incorporating this agreement:

1.   This case shall be stayed in its entirety pending issuance of a final decision by the Ninth Circuit Court of Appeals in Pit River Tribe I, Case No. 04-15746, or until January 1, 2007,

whichever is earlier.  "Final decision" shall include the resolution of any timely petitions for rehearing by the Ninth Circuit Court of Appeals by any party, but shall not include any petition for certiorari review or other further appeal to the U.S. Supreme Court.

2.     If the Ninth Circuit Court of Appeals issues a final decision as defined above in Pit River Tribe I, Case No. 04-15746, that affirms, and does not reverse or remand in whole or part, the District Court's grant of summary judgment with respect to the May 1998 lease extension decision at issue in that case, Plaintiffs agree to dismiss with prejudice this case, Pit River Tribe II, in its entirety pursuant to Federal Rule of Civil Procedure 41 and, upon issuance of the final Ninth Circuit decision, expeditiously to seek an order from the Court dismissing this action with prejudice pursuant to this stipulation, in the form attached hereto as Exhibit 1.  In the event of such dismissal, all parties shall deem the dismissal an adjudication of the merits of all of Plaintiffs' claims in Pit River Tribe II, and shall bear their own costs and fees in this case.

3.     If the Ninth Circuit Court of Appeals reverses or remands in whole or part the District Court's grant of summary judgment with respect to the May 1998 lease extension decision at issue in Pit River Tribe I, Case No. 04-15746, the parties shall agree to a reasonably expedited briefing schedule for summary judgment or other resolution of the present case, Pit River Tribe II, as appropriate, unless the parties agree otherwise at that time.

4.     Nothing in this stipulation in any way prohibits, waives or precludes Defendants' ability to proceed with construction of the Telephone Flat Geothermal Development Project or other activity on or with respect to the leases at issue in Pit River Tribe II, or Plaintiffs' right to seek preliminary injunctive relief from the Court to enjoin such activity during the duration of the stay.

5.     Nothing in this stipulation or any subsequent dismissal of the claims in Pit River Tribe II pursuant to this stipulation in any way prohibits, waives or precludes any other claims that Plaintiffs may have arising out of any other facts, transactions, or causes of action, including, but not limited to, any other claims related to or arising out of Federal Defendants' approval of the Telephone Flat Geothermal Development Project or any subsequent approval of activity on the leases at issue in this case.  Nothing in this stipulation or any subsequent dismissal of the claims in

1  Pit River Tribe II pursuant to this stipulation in any way prohibits, waives or precludes any defenses
2  that Defendants may have to such other claims.

Respectfully submitted:

DATED: July 21, 2005.

    /s/Deborah A. Sivas
DEBORAH A. SIVAS
EarthJustice Legal Defense Fund

Attorneys for Plaintiffs

DATED: July 21, 2005.

JOHN K. VINCENT, United States Attorney

By /s/E. Robert Wright
    E. ROBERT WRIGHT
    Assistant U.S. Attorney
    Attorneys for the Federal Defendants

DATED: July 21, 2005

By /s/Robert A. Maynard
    ROBERT A. MAYNARD, *pro hac vice*
    RICHARD W. OEHLER, *pro hac vice*
    Perkins Coie LLP

    JEFFERY D. HARRIS
    Ellison, Schneider & Harris L.L.P.

    Attorneys for Defendant Calpine Corporation

Pursuant to the above Stipulation, IT IS SO ORDERED.

DATED: 7/22/2005        /s/ David F. Levi
                                      THE HONORABLE DAVID F. LEVI
                                      United States District Judge

STIPULATION TO STAY CASE PENDING RESOLUTION OF RELATED CASE APPELLATE PROCEEDINGS AND [PROPOSED] ORDER – Case No. S-04-0956 DFL JFM - 5

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee of Perkins Coie LLP and is a person of such age and discretion to be competent to serve papers.

That on July 21, 2005, he electronically filed:

**STIPULATION TO STAY CASE PENDING RESOLUTION OF RELATED CASE APPELLATE PROCEEDINGS AND [PROPOSED] ORDER WITH ATTACHED EXHIBIT 1**

with the Clerk of the court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jeffery D. Harris
Robert A. Maynard
Richard W. Oehler
Deborah A. Sivas
E. Robert Wright

And, placing a copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Boise, Idaho in accordance with the Rules of Procedure, to the following non-CM/ECF Registered Participant(s):

Addressee(s):

None

/s/Robert A. Maynard