UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIT RIVER TRIBE, et al., | No.  2:04-cv-00956 JAM-JFM |
| Plaintiffs, | |
| v. | **ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS** |
| BUREAU OF LAND MANAGEMENT, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Bureau of Land Management ("BLM"), Department of Interior ("DOI"), U.S. Department of Agriculture, and the Forest Service's (collectively "Defendants") Bill of Costs (Doc. #86). Plaintiffs Pit River Tribe, Native Coalition for Medicine Lake Highlands Defense, Mount Shasta Bioregional Ecology Center, Save Medicine Lake Coalition, and Medicine Lake Citizens for Quality Environment (collectively "Plaintiffs") filed objections to Defendants' bill of costs (Doc. #87) and Defendants replied (Doc. #94)[1]  For the following reasons, the Court overrules

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled

1

Plaintiffs' objections to Defendants' bill of costs.

## I.     BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary.  On July 29, 2013, the Court granted judgment on the pleadings in favor of Defendants on the first, second, third, and fourth causes of action and granted summary judgment in favor of Defendants on the fifth cause of action.  Order Granting Defendants' Motion ("Order"), Doc. #84, at 19.  After judgment was entered, Defendants submitted their bill of costs requesting $19,851.60 in costs for the filed copies and Plaintiffs' service copies of the Telephone Flat Administrative Record and the Fourmile Hill Administrative Record (Doc. #86).

## II.    OPINION

A.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded.  <u>Ass'n of Mexican-Am. Educators v. State of California</u>, 231 F.3d 572, 591-92 (9th Cir. 2000) (en

---

for October 9, 2013.

banc).

If the court declines to award costs, it must "specify reasons" for denying costs. Id. (citing Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)). However, it need not specify reasons for its decision to abide by the presumption and tax costs to the losing party. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citing Ass'n of Mexican-Am. Educators, 231 F.3d at 592-93).

B.   Discussion

1.   Prevailing Parties

Plaintiffs argue that Defendants are not the prevailing party on the Fourmile Hill or Telephone Flats claims and therefore they are not entitled to costs incurred for filing the Fourmile Hill and Telephone Flats administrative records.[2] The parties agree that in this case there were no claims related to Fourmile Hill or Telephone Flats. Opp. at 1; Reply at 6-7. Plaintiffs argue that those claims were part of different litigation and that they were effectively the prevailing party in those claims. Defendants dispute Plaintiffs' argument, but more importantly, Defendants argue that they prevailed in this case. Generally, there is a "prevailing party" when there has been a "material alteration of the legal relationship of the parties." Miles v. State of California, 320 F.3d 986, 989 (9th Cir. 2003). As mentioned above, in this case, the Court granted judgment on

---

[2] In conjunction with this argument, Plaintiffs also argue that the administrative records were not necessary in this case. The Court, however, addresses whether the records were necessary below.

3

1   the pleadings in favor of Defendants on the first, second, third,
2   and fourth causes of action and granted summary judgment in favor
3   of Defendants on the fifth cause of action.  Order at 19.
4   Therefore, because the judgment on the pleadings and summary
5   judgment created a material alteration of the legal relationship
6   in Defendants' favor, Defendants are the prevailing party.
7        Plaintiffs also argue that Defendants did not prevail
8   because the judgment was premised on the lack of subject matter
9   jurisdiction and costs are not recoverable when a case is
10  dismissed for lack of jurisdiction.  The Ninth Circuit has held
11  that "costs under Rule 54(d) may not be awarded where an
12  underlying claim is dismissed for lack of subject matter
13  jurisdiction, for in that case the dismissed party is not a
14  'prevailing party' within the meaning of Rule 54(d)." Miles v.
15  State of California, 320 F.3d 986, 988 (9th Cir. 2003); see also
16  Harris v. Stonecrest Care Auto Ctr., LLC, 559 F. Supp. 2d 1088,
17  1090 (S.D. Cal. 2008)("[A] defendant is not a 'prevailing party'
18  for Rule 54(d) purposes when an action is dismissed for
19  jurisdictional reasons, so the Court cannot award costs under
20  this rule.") (citing Miles, 320 F.3d at 988).  In Miles, the case
21  was dismissed without prejudice for lack of jurisdiction under
22  the Eleventh Amendment.  Miles, 320 F.3d at 988.  The court held
23  that dismissal based on Eleventh Amendment immunity is not a
24  dismissal for lack of subject matter jurisdiction because it is a
25  "material alteration in the legal relationship of the parties"
26  and therefore, the state was the prevailing party.  Id. at 989.
27       Plaintiffs argue that the Court embraced all of Defendants'
28  jurisdictional arguments.  However, none of the claims were

4

dismissed based on lack of subject matter jurisdiction. The Plaintiffs' first cause of action was dismissed for lack of prudential standing, Order at 9, which is not a jurisdictional bar. Hilton v. Hallmark Cards, 599 F.3d 894, 904 n.6 (9th Cir. 2010) (noting that prudential standing is not a requirement of jurisdiction) (citing Allen v. Wright, 468 U.S. 737, 751 (1984) (describing prudential standing as consisting of "several judicially self-imposed limits on the exercise of federal jurisdiction"); City of Los Angeles v. Cnty. of Kern, 581 F.3d 841, 845 (9th Cir. 2009) (noting that the Ninth Circuit has "previously held that these requirements, commonly referred to as 'prudential' standing, 'can be deemed waived if not raised in the district court'"). Plaintiffs' second, third, and fourth causes of action under the National Environmental Policy Act ("NEPA"), the National Historic Preservation Act ("NHPA"), and fiduciary duty respectively were dismissed because the lease continuation was mandatory, not discretionary, and therefore NEPA, the NHPA, and fiduciary duty did not apply. Id. at 13. These three claims were decided on their merits and not for lack of subject matter jurisdiction. As to Plaintiffs' fifth cause of action under the Freedom of Information Act ("FOIA"), the Court granted summary judgment in Defendants' favor because the claim was time barred by the general statute of limitations for claims against the United States, 28 U.S.C. § 2401(a). Order at 10-14. Section 2401(a) is nonjurisdictional. Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, 770 (9th Cir. 1997) (holding that § 2401(a) "does not speak of jurisdiction, but erects only a procedural bar"). Because none of the claims were dismissed

based on lack of subject matter jurisdiction, Defendants are the prevailing party.

### 2. Necessary Costs

Plaintiffs argue that even if Defendants prevailed, duplicative copies of the administrative records were not necessary because there were no claims with respect to either the Fourmile Hill or Telephone Flat projects in this case. Defendants argue that the administrative records were filed for this case even though Plaintiffs did not allege Fourmile Hill or Telephone Flats claims because they were necessary for their mootness defense, which they intended to argue in this case. Reply at 6. However, after the records were filed, the Ninth Circuit rejected the mootness defense in Pit River Tribe v. U.S. Forest Serv.("Pit River I"), 469 F.3d 768, 778-79 (9th Cir. 2006). Id. Therefore, because the administrative records were filed in support of Defendants' mootness argument, the records were necessary.

Plaintiffs also argue that there was no need for a hard copy and a digital copy. However, Defendants were required to file hard copies with the Court pursuant to Local Rule 138(b), which provides that "attorneys shall, if possible, submit the administrative record in electronic format with a mandatory courtesy copy in paper for the assigned Judge or Magistrate Judge." L.R. 138(b). Further, even if Plaintiffs did not request a hard copy, Defendants are entitled to costs for the copies because it was necessary to serve copies to Plaintiffs. In addition, Defendants were entitled to seek costs for the copies made for the U.S. Attorney's office and the agencies named

as defendants but did not, and therefore, the costs requested are not excessive. Conservation Cong. v. U.S. Forest Serv., 208-CV-02483-GEB-DAD, 2010 WL 2557183 (E.D. Cal. June 21, 2010) (holding that six copies of an administrative record was not excessive because they were not for the convenience of counsel).

Finally, Plaintiffs argue that there was no need to file the administrative records in both related cases because the Court already had a copy. However, when the records were filed in 2005, the cases were related not consolidated. Therefore, had the administrative records been filed in only one case, they would not have been in the record for the other case. Consequently, it was necessary to file the record in both cases.

Accordingly, the Court finds that the copies of the administrative record were necessary.

### III.  ORDER

For the reasons set forth above, the Court overrules Plaintiffs' objections and grants Defendants' costs. Total costs awarded are $19,851.60.

IT IS SO ORDERED.

Dated: November 25, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7