1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   PIT RIVER TRIBE, et al.,           No.  2:04-cv-00956 JAM-JFM

12              Plaintiffs,

13       v.                             **ORDER OVERRULING PLAINTIFFS'**
                                        **OBJECTIONS TO DEFENDANTS' BILL**
14   BUREAU OF LAND MANAGEMENT, et      **OF COSTS**
     al.,
15
              Defendants.
16

17        This matter is before the Court on Defendants Bureau of

18   Land Management ("BLM"), Department of Interior ("DOI"), U.S.

19   Department of Agriculture, and the Forest Service's

20   (collectively "Defendants") Bill of Costs (Doc. #86).

21   Plaintiffs Pit River Tribe, Native Coalition for Medicine Lake

22   Highlands Defense, Mount Shasta Bioregional Ecology Center, Save

23   Medicine Lake Coalition, and Medicine Lake Citizens for Quality

24   Environment (collectively "Plaintiffs") filed objections to

25   Defendants' bill of costs (Doc. #87) and Defendants replied

26   (Doc. #94)[1]  For the following reasons, the Court overrules

27   _____

28   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled

1  Plaintiffs' objections to Defendants' bill of costs.

2

3                    I.      BACKGROUND

4        The facts are well known to the parties and therefore the

5  following is only a brief summary.  On July 29, 2013, the Court

6  granted judgment on the pleadings in favor of Defendants on the

7  first, second, third, and fourth causes of action and granted

8  summary judgment in favor of Defendants on the fifth cause of

9  action.  Order Granting Defendants' Motion ("Order"), Doc. #84,

10  at 19.  After judgment was entered, Defendants submitted their

11  bill of costs requesting $19,851.60 in costs for the filed copies

12  and Plaintiffs' service copies of the Telephone Flat

13  Administrative Record and the Fourmile Hill Administrative Record

14  (Doc. #86).

15

16                    II.     OPINION

17     A.   Legal Standard

18        Federal Rule of Civil Procedure 54(d)(1) provides, in

19  pertinent part, "Unless a federal statute, these rules, or a

20  court order provides otherwise, costs—other than attorney's fees—

21  should be allowed to the prevailing party."  Fed. R. Civ. P.

22  54(d)(1).  This rule creates a presumption that costs will be

23  taxed against the losing party, but "vests in the district court

24  discretion to refuse to award costs" if the losing party shows

25  why costs should not be awarded.  Ass'n of Mexican-Am. Educators

26  v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en

27  _____

28  for October 9, 2013.

                            2

1  banc).

2       If the court declines to award costs, it must "specify

3  reasons" for denying costs.  Id. (citing Subscription Television,

4  Inc. v. Southern Cal. Theater Owners Ass'n, 576 F.2d 230, 234

5  (9th Cir. 1978)).  However, it need not specify reasons for its

6  decision to abide by the presumption and tax costs to the losing

7  party.  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th

8  Cir. 2003) (citing Ass'n of Mexican-Am. Educators, 231 F.3d at

9  592-93).

10      B.   Discussion

11           1.   Prevailing Parties

12      Plaintiffs argue that Defendants are not the prevailing

13  party on the Fourmile Hill or Telephone Flats claims and

14  therefore they are not entitled to costs incurred for filing the

15  Fourmile Hill and Telephone Flats administrative records.[2]  The

16  parties agree that in this case there were no claims related to

17  Fourmile Hill or Telephone Flats.  Opp. at 1; Reply at 6-7.

18  Plaintiffs argue that those claims were part of different

19  litigation and that they were effectively the prevailing party in

20  those claims.  Defendants dispute Plaintiffs' argument, but more

21  importantly, Defendants argue that they prevailed in this case.

22  Generally, there is a "prevailing party" when there has been a

23  "material alteration of the legal relationship of the parties."

24  Miles v. State of California, 320 F.3d 986, 989 (9th Cir. 2003).

25  As mentioned above, in this case, the Court granted judgment on

26  _____

27  [2] In conjunction with this argument, Plaintiffs also argue that
   the administrative records were not necessary in this case. The
   Court, however, addresses whether the records were necessary
28  below.

1   the pleadings in favor of Defendants on the first, second, third,

2   and fourth causes of action and granted summary judgment in favor

3   of Defendants on the fifth cause of action.  Order at 19.

4   Therefore, because the judgment on the pleadings and summary

5   judgment created a material alteration of the legal relationship

6   in Defendants' favor, Defendants are the prevailing party.

7       Plaintiffs also argue that Defendants did not prevail

8   because the judgment was premised on the lack of subject matter

9   jurisdiction and costs are not recoverable when a case is

10  dismissed for lack of jurisdiction.  The Ninth Circuit has held

11  that "costs under Rule 54(d) may not be awarded where an

12  underlying claim is dismissed for lack of subject matter

13  jurisdiction, for in that case the dismissed party is not a

14  'prevailing party' within the meaning of Rule 54(d)."  Miles v.

15  State of California, 320 F.3d 986, 988 (9th Cir. 2003); see also

16  Harris v. Stonecrest Care Auto Ctr., LLC, 559 F. Supp. 2d 1088,

17  1090 (S.D. Cal. 2008)("[A]  defendant is not a 'prevailing party'

18  for Rule 54(d) purposes when an action is dismissed for

19  jurisdictional reasons, so the Court cannot award costs under

20  this rule.") (citing Miles, 320 F.3d at 988).  In Miles, the case

21  was dismissed without prejudice for lack of jurisdiction under

22  the Eleventh Amendment.  Miles, 320 F.3d at 988.  The court held

23  that dismissal based on Eleventh Amendment immunity is not a

24  dismissal for lack of subject matter jurisdiction because it is a

25  "material alteration in the legal relationship of the parties"

26  and therefore, the state was the prevailing party.  Id. at 989.

27      Plaintiffs argue that the Court embraced all of Defendants'

28  jurisdictional arguments.  However, none of the claims were

4

1   dismissed based on lack of subject matter jurisdiction.  The
2   Plaintiffs' first cause of action was dismissed for lack of
3   prudential standing, Order at 9, which is not a jurisdictional
4   bar.  Hilton v. Hallmark Cards, 599 F.3d 894, 904 n.6 (9th Cir.
5   2010) (noting that prudential standing is not a requirement of
6   jurisdiction) (citing Allen v. Wright, 468 U.S. 737, 751 (1984)
7   (describing prudential standing as consisting of "several
8   judicially self-imposed limits on the exercise of federal
9   jurisdiction"); City of Los Angeles v. Cnty. of Kern, 581 F.3d
10  841, 845 (9th Cir. 2009) (noting that the Ninth Circuit has
11  "previously held that these requirements, commonly referred to as
12  'prudential' standing, 'can be deemed waived if not raised in the
13  district court'").  Plaintiffs' second, third, and fourth causes
14  of action under the National Environmental Policy Act ("NEPA"),
15  the National Historic Preservation Act ("NHPA"), and fiduciary
16  duty respectively were dismissed because the lease continuation
17  was mandatory, not discretionary, and therefore NEPA, the NHPA,
18  and fiduciary duty did not apply.  Id. at 13.  These three claims
19  were decided on their merits and not for lack of subject matter
20  jurisdiction.  As to Plaintiffs' fifth cause of action under the
21  Freedom of Information Act ("FOIA"), the Court granted summary
22  judgment in Defendants' favor because the claim was time barred
23  by the general statute of limitations for claims against the
24  United States, 28 U.S.C. § 2401(a).  Order at 10-14.  Section
25  2401(a) is nonjurisdictional.  Cedars-Sinai Medical Center v.
26  Shalala, 125 F.3d 765, 770 (9th Cir. 1997) (holding that
27  § 2401(a) "does not speak of jurisdiction, but erects only a
28  procedural bar").  Because none of the claims were dismissed

1    based on lack of subject matter jurisdiction, Defendants are the

2    prevailing party.

3                    2.   Necessary Costs

4        Plaintiffs argue that even if Defendants prevailed,

5    duplicative copies of the administrative records were not

6    necessary because there were no claims with respect to either the

7    Fourmile Hill or Telephone Flat projects in this case.

8    Defendants argue that the administrative records were filed for

9    this case even though Plaintiffs did not allege Fourmile Hill or

10   Telephone Flats claims because they were necessary for their

11   mootness defense, which they intended to argue in this case.

12   Reply at 6.  However, after the records were filed, the Ninth

13   Circuit rejected the mootness defense in Pit River Tribe v. U.S.

14   Forest Serv.("Pit River I"), 469 F.3d 768, 778-79 (9th Cir.

15   2006).  Id.  Therefore, because the administrative records were

16   filed in support of Defendants' mootness argument, the records

17   were necessary.

18       Plaintiffs also argue that there was no need for a hard copy

19   and a digital copy.  However, Defendants were required to file

20   hard copies with the Court pursuant to Local Rule 138(b), which

21   provides that "attorneys shall, if possible, submit the

22   administrative record in electronic format with a mandatory

23   courtesy copy in paper for the assigned Judge or Magistrate

24   Judge."  L.R. 138(b).  Further, even if Plaintiffs did not

25   request a hard copy, Defendants are entitled to costs for the

26   copies because it was necessary to serve copies to Plaintiffs.

27   In addition, Defendants were entitled to seek costs for the

28   copies made for the U.S. Attorney's office and the agencies named

1   as defendants but did not, and therefore, the costs requested are
2   not excessive.  Conservation Cong. v. U.S. Forest Serv., 208-CV-
3   02483-GEB-DAD, 2010 WL 2557183 (E.D. Cal. June 21, 2010) (holding
4   that six copies of an administrative record was not excessive
5   because they were not for the convenience of counsel).
6       Finally, Plaintiffs argue that there was no need to file the
7   administrative records in both related cases because the Court
8   already had a copy.  However, when the records were filed in
9   2005, the cases were related not consolidated.  Therefore, had
10  the administrative records been filed in only one case, they
11  would not have been in the record for the other case.
12  Consequently, it was necessary to file the record in both cases.
13      Accordingly, the Court finds that the copies of the
14  administrative record were necessary.
15
16                      III.   ORDER
17      For the reasons set forth above, the Court overrules
18  Plaintiffs' objections and grants Defendants' costs.  Total costs
19  awarded are $19,851.60.
20
21      IT IS SO ORDERED.
22  Dated: November 25, 2013        _____
23                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE
24
25
26
27
28

                              7