UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIT RIVER TRIBE, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BUREAU OF LAND MANAGEMENT, ET AL.,<br><br>　　　　Defendants. | No. 2:04-cv-00956 JAM-AC<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT AND REMEDY ORDER** |

　　The parties cross-motions for summary judgment were heard on April 19, 2016. After considering the arguments of the parties, the Court issued an oral ruling from the bench granting summary judgment on Plaintiffs' First Cause of Action and ordering the parties to submit additional briefing on other matters taken under submission including the proper remedy. After considering the parties additional briefs, the Court enters the following orders:

　　1.　The May 18, 1998 decision by the Bureau of Land Management ("BLM") granting continuances of the 26 leases ("Leases") committed to the Glass Mountain Geothermal Unit in the Medicine Lake Highlands for up to 40 years pursuant to former

1

section 1005(a) of the Geothermal Steam Act, 30 U.S.C. § 1005(a), is vacated and set aside.  5 U.S.C. § 706(2).

2.   The decision of whether to extend or cancel the 26 Leases is remanded to the BLM.  The May 18, 1998 decision vacating prior extensions of 24 of the Leases is also remanded to the BLM for further consideration.  To the extent that BLM desires to reconsider extension of the Leases it must do so in accordance with this Order and the Ninth Circuit's decision in Pit River Tribe v. Bureau of Land Management, 793 F.3d 1147 (9th Cir. 2015).

3.   If BLM elects to reconsider extension of the Leases under other provisions of the Geothermal Steam Act, including former sections 1005(c) and 1005(g), 30 U.S.C. § 1005(c) and 1005(g), BLM shall apply the current Geothermal Steam Act and its implementing regulations when determining whether the Leases are eligible for or entitled to extensions.

4.   If BLM elects to proceed with a new extension decision for the Leases under other provisions of the Geothermal Steam Act, the legal and factual basis for any such decision shall be set forth in a new decision document, with timely notice to Plaintiffs.

5.   Any lease extension or continuation granted on remand shall be effective as of the date it is issued by BLM.

6.   If BLM grants any lease extension or continuation on remand and believes it is not required to prepare an environmental impact statement under NEPA or to engage in tribal consultation under the NHPA before granting such a lease extension, it shall set forth the legal and factual basis for any

such belief in a new decision document with timely notice to Plaintiffs.

7.  Any judicial action challenging BLM's actions on remand shall be commenced by filing a new complaint initiating a new case.

8.  The continuance of Lease CACA 12372 for up to forty years pursuant to 30 U.S.C. § 1005(a) (AR 18832) is not affected by this ORDER.

9.  Plaintiffs' motion for summary judgment on the Second, Third and Fourth Causes of Action is denied and judgment on those claims is entered for Defendants.

10.  Nothing in this Order addresses or affects any contractual claims and damages between Defendants Calpine Corporation and BLM.

11.  Defendants' motion to strike (Doc #132) the Declaration of Deborah Sivas in Support of Plaintiffs' Motion for Summary Judgment (Doc #131-1) is DENIED.

IT IS SO ORDERED.

Dated: August 1, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3