1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   PIT RIVER TRIBE, ET AL.,              No.  2:04-cv-00956 JAM-AC

12              Plaintiffs,

13        v.                               **ORDER GRANTING PLAINTIFFS'**
                                           **MOTION TO AMEND THE JUDGMENT AND**
14   BUREAU OF LAND MANAGEMENT, ET         **AMENDED ORDER RE CROSS-MOTIONS**
     AL.,                                  **FOR SUMMARY JUDGMENT AND REMEDY**
15

16              Defendants.

17        Having considered Plaintiffs' Motion to Amend the Judgment

18   (ECF No. 149), Defendants' opposition (ECF No. 152) and

19   Plaintiffs' reply in support of their motion (ECF No. 153) and

20   good cause appearing therefor, the Court hereby GRANTS the Motion

21   to Amend and enters the following Amended Order re Cross-Motions

22   for Summary Judgment and Remedy.

23        The parties cross-motions for summary judgment were heard on

24   April 19, 2016.  After considering the arguments of the parties,

25   the Court issued an oral ruling from the bench granting summary

26   judgment on Plaintiffs' First Cause of Action and ordering the

27   parties to submit additional briefing on other matters taken

28   under submission including the proper remedy.  In its original

1   Order (ECF No. 144), this Court intentionally did not opine on

2   the applicability, meaning or interpretation of section 1005(c)

3   or 1005(g), 30 U.S.C. §§ 1005(c) and 1005(g).  If, on remand, BLM

4   concludes that the Leases can lawfully be extended under these or

5   any other provision of the Geothermal Steam Act it must first

6   make such a finding and issue a new lease extension based on that

7   finding in accordance with this Amended Order.

8        The Court recognized that the 2005 Amendments to the

9   Geothermal Steam Act created a further issue as to whether the

10  Amendments should be applied retroactively and, if so, whether

11  BLM would be required to comply with NEPA and NHPA, including by

12  consulting with affected tribes.  Upon reconsideration, the Court

13  finds that it erred in ordering that BLM shall apply the current

14  Geothermal Steam Act and its implementing regulations when

15  determining whether the Leases are eligible for or entitled to

16  extensions.  The issue of retroactive application only becomes

17  ripe for decision by this Court after BLM has made a final

18  decision to extend the leases and produced a record of such

19  decision for this Court to review. The Court further finds that

20  the issue of the effective date of any lease extension or

21  continuation also is not ripe for decision until after BLM has

22  made a decision to extend or continue the Leases and stated its

23  reasons therefor.

24       The Court also finds upon reconsideration that it erred in

25  granting Defendants' motion for summary judgment on the Second,

26  Third and Fourth Causes of Action and that the record reflects

27  that the Court concluded that it did not need to reach these

28  claims given its decision on the First Cause of Action.

Accordingly, the Court hereby amends it previous Order Re Cross-Motions for Summary Judgment and Remand (ECF No. 144) and now enters the following orders:

1.   The May 18, 1998 decision by the Bureau of Land Management ("BLM") granting continuances of the 26 leases ("Leases) committed to the Glass Mountain Geothermal Unit in the Medicine Lake Highlands for up to 40 years pursuant to former section 1005(a) of the Geothermal Steam Act, 30 U.S.C. § 1005(a), is vacated and set aside.  5 U.S.C. § 706(2).

2.   The decision of whether to extend or cancel the 26 Leases is remanded to the BLM.  The May 18, 1998 decision vacating prior extensions of 24 of the leases is also remanded to the BLM for further consideration.  To the extent that BLM desires to reconsider extension of the Leases it must do so in accordance with this Amended Order and Ninth Circuit's decision in Pit River Tribe v. Bureau of Land Management, 793 F.3d 1147 (9th Cir. 2015).

3.   If BLM elects to reconsider extension of the Leases, BLM shall apply the Geothermal Steam Act and its implementing regulations in effect on May 18, 1998 when determining whether the Leases are eligible for or entitled to extensions.

4.   If BLM elects to proceed with a new extension decision for the Leases under other provisions of the Geothermal Steam Act, the legal and factual basis for any such decision shall be set forth in a new decision document, with timely notice to Plaintiffs.

5.   If BLM grants any lease extension or continuation on remand and believes it is not required to prepare an

1  environmental impact statement under NEPA or to engage in tribal

2  consultation under the NHPA before granting such a lease

3  extension, it shall set forth the legal and factual basis for any

4  such belief in a new decision document with timely notice to

5  Plaintiffs.

6       6.   Any judicial action challenging BLM's actions on remand

7  shall be commenced by filing a new complaint initiating a new

8  case.

9       7.   The continuance of Lease CACA 12372 for up to forty

10  years pursuant to 30 U.S.C. § 1005(a) (AR 18832) is not affected

11  by this Amended Order.

12      8.   Based on the Court's ruling on the First Cause of

13  Action, the Court Need Not and Does Not Reach Plaintiffs' motion

14  for summary judgment on the Second, Third and Fourth Causes of

15  Action, which are rendered moot by vacatur of the May 18, 1998

16  lease continuance decision.

17      9.   Nothing in this Amended Order addresses or affects any

18  contractual claims and damages between Defendants Calpine

19  Corporation and BLM.

20      10.  Defendants' motion to strike (Doc #132) the Declaration

21  of Deborah Sivas in Support of Plaintiffs' Motion for Summary

22  Judgment (Doc #131-1) is DENIED.

23      IT IS SO ORDERED.

24  Dated: January 27, 2017

25

26  JOHN A. MENDEZ,
    UNITED STATES DISTRICT JUDGE

27

28